USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 2 6 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Smarter Tools Inc.,

                Plaintiff,

—v—

Chongqing SENCI Import & Export Trade Co., Ltd. et al.,

                Defendants.

18-cv-2714 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On March 28, 2018, Smarter Tools, Inc. ("STI") filed a petition against Chongqing SENCI Import & Export Trade Co., Ltd. and Chonqing AM Pride Power & Machinery Co., Ltd. ("SENCI") seeking to vacate an arbitration award between the parties. Dkt. No. 6. SENCI filed a cross-petition for confirmation of the award. Dkt. No. 30. For the reasons stated below, both motions are denied, and the matter is remanded to the arbitrator for clarification of the award.

**I.    Background**

    **A. The Underlying Dispute**

The facts presented here are undisputed except if specifically noted. Plaintiff STI is a Virginia corporation that purchases and resells tools and power products in the United States. Dkt. No. 21 at 1. SENCI is a Chinese entity that manufactures and sells gas powered generators. *Id.*

Starting in 2011, STI purchased thousands of a particular model of gas-powered inverter generator, called the AP2000i, from SENCI. Dkt. No. 6 at 2–3. The parties dispute whether these generators were to be certified California Air Resources Board (CARB) compliant.

1

*Compare* Dkt. No. 21 at 6–7 *with* Dkt. No. 33 at 2. In June 2013, STI stopped sales of the AP2000i generators in California because they were not CARB compliant. *See* Dkt. No. 6 at 3; Dkt. No. 31 at 4. STI was later fined $507,000 by CARB in connection with sales of the non-compliant generators. *See* Dkt. No. 6 at 3; Dkt. No. 31 at 5. STI states that it was also forced to end sales of the generators throughout the United States because they were not EPA complaint. *See* Dkt. No. 6 at 3. In addition, STI alleges that SENCI unilaterally cancelled previously-placed orders. *Id.* SENCI denies these allegations. Dkt. No. 31 at 4–5. It is undisputed that STI failed to pay SENCI for some of the AP2000i deliveries it received. Dkt. No. 6 at 3; Dkt. No. 31 at 5.

### B. The Arbitration Proceedings

The purchase orders for the AP2000i sales between the parties contain an arbitration clause that provides, in relevant part, that any dispute arising from the contract "shall be referred to and finally resolved by arbitration in the City of New York under the International Commercial Dispute Resolution Proceedings of the American Arbitration Association (AAA)." Dkt. No. 21, Ex. D.

On April 25, 2016, SENCI commenced an arbitration against STI to recover the balance of over $3 million owing for deliveries of AP2000i generators. Dkt. No. 6, Ex. A. STI filed a counterclaim against SENCI alleging that many of the generators received were defective and non-CARB or EPA compliant. Dkt. No. 6, Ex. B. STI sought to hold SENCI liable for the fine it paid to CARB, costs associated with storing and returning unsaleable generators, lost profits, and damage to STI's goodwill. *Id.* Following a period of discovery, the primary arbitral hearing was held in New York, New York, in June 2017. Dkt. No. 6 at 5. SENCI presented additional evidence on July 2, 2017, and STA presented rebuttal evidence on October 9, 2017. *Id.* The parties requested a "reasoned award" from the arbitrator. *Id.*; Dkt. No. 31 at 6.

Arbitrator James M. Rhodes delivered a final award to the parties on February 23, 2018. Dkt. No. 6, Ex. C. The award is six pages in total. *Id.* First, the award briefly describes the parties and the proceedings. *See id.* at 1–3. Then, the award makes an evidentiary ruling concerning the October 9, 2017 testimony of STI expert witness Herbert Zukerman and five related exhibits, concluding that the testimony and exhibits must be excluded because they "do not constitute proper rebuttal evidence or testimony, or are otherwise subject to valid grounds for objection." *Id.* at 3.

The next section of the award contains "Factual Background and Findings." *Id.* at 3–6. It incorporates the parties' stipulation that STI owes SENCI a remaining balance of $2,402,680.43, after receiving credit for generators which were returned to SENCI. *Id.* at 4. With respect to SENCI's claims, the arbitrator determines that they are "well-founded and supported by the evidence." *Id.* at 4. Turning to STI's counterclaims, the award points out that STI witness Zukerman changed his opinion over the course of the proceedings about the amount of money STI was owed for "loss of future profit and loss of goodwill." *Id.* It then rejects the counterclaims as follows:

> Having heard all of the testimony, reviewed all of the documentary proofs and exhibits, I do not find support for STI's claims, as set forth in the cross-claims and counterclaim, nor do I find the testimony of Expert Witness Zukerman given on October 9, 2017 to be credible. Therefore, I find that Mr. Zukerman's testimony is not credible, does not constitute proper rebuttal evidence testimony and must be excluded.

*Id.* at 5–6. The award makes no finding as to whether any generators provided by SENCI were defective or non-compliant, nor whether SENCI unilaterally cancelled scheduled deliveries. *See generally id.* Finally, the award lists the "Relief Awarded": (1) STI must pay SENCI $2,402,680.43; (2) STI's claims against SENCI are denied; (3) each side bears its own costs; and (4) the costs of arbitration are borne as incurred. *Id.* at 6.

### C. Proceedings in this Court

STI filed a petition in this Court to vacate the arbitral award on March 28, 2018. Dkt. No. 6. On April 18, 2018, STI filed a brief in support of vacatur. Dkt. No. 21. SENCI filed its opposition to the petition to vacate and cross-moved to confirm the award on May 24, 2019. Dkt. No. 30. STI filed a reply on June 5, 2018. Dkt. No. 36.

## II. Legal Standards

As a general matter, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). "[A]n extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Indeed, "[o]nly a 'barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). The award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

Accordingly, "[a] party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d at 110 (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). Section 10 of the Federal Arbitration Act provides that a court may vacate an award

4

if (1) "the award was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators…;" (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). In addition, an arbitrator's award may be vacated under Section 10(a) if it is "in manifest disregard of the law or of the terms of the parties' relevant agreement." *Tully Constr. Co. v. Canam Steel Corp.*, 13 Civ. 3037 (PGG), 2015 U.S. Dist. LEXIS 25690, at *13 (S.D.N.Y. Mar. 2, 2015) (quoting *Am. Centennial Ins. Co. v. Global Int'l Reinsurance Co., Ltd.*, 12 Civ. 1400 (PKC), 2012 U.S. Dist. LEXIS 94754, 2012 WL 2821936, at *7 (S.D.N.Y. July 9, 2012)) (internal quotation marks omitted); *see also Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 452 (2d Cir. 2011) (noting that "manifest disregard remains a valid ground for vacating arbitration awards") (quoting *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 340 (2d Cir. 2010)).

### III. Discussion

STI makes two arguments in support of its motion to vacate: first, that the arbitrator exceeded its authority in failing to issue a reasoned award; and second, that the arbitrator manifestly disregarded the law in failing to apply the UN Convention on Contracts for the International Sale of Goods ("CISG"). *See* Dkt. No. 6

#### A. Failure to Issue a Reasoned Award

Generally, an "arbitrator's rationale for an award need not be explained." *D.H. Blair & Co.*, 462 F.3d at 110. If the parties have not requested a specific form of award, the arbitrator

5

may issue an award that does nothing more than "announce[] the result." *Tully Constr. Co.*, 2015 U.S. Dist. LEXIS 25690 at *34 (citing *Cat Charter. LLC v. Schurtenberger*, 646 F.3d 836, 844 (11th Cir. 2011). However, "parties are free to contract around the default rule" and require arbitrators to issue more detailed awards. *Id.* There is no dispute in this case that the parties requested a "reasoned award." *See* Dkt. No. 6 at 5; Dkt. No. 31 at 6. The Second Circuit has held that a "reasoned award" requires "something more than a line or two of unexplained conclusions, but something less than full findings of fact and conclusions of law on each issue raised before the panel." *Leeward Const. Co., Ltd. v. Am. Univ. of Antigua-College of Medicine*, 826 F.3d 634, 640 (2d Cir. 2016). In other words, "[a] reasoned award sets forth the basic reasoning of the arbitral panel on the central issue or issues raised before it," but "need not delve into every argument made by the parties." *Id.*

The Court concludes that the award at issue here does not meet the standard for a reasoned award because it contains no rationale for rejecting STI's claims. *Cf. Am. Centennial Ins. Co.*, 2012 U.S. Dist. LEXIS 94754, at *25 (holding that an award was reasoned where it contained "the panel's rationale"); *see also Fulbrook Capital Mgmt. LLC v. Batson*, 14-CV-7564 (JPO), 2015 U.S. Dist. LEXIS 8204, at *13 (S.D.N.Y. Jan. 23, 2015) (holding that an award was reasoned where it set out "the arbitrator's key findings and, where necessary, the reasons for those findings"). In dismissing STI's arguments, the arbitrator conclusorily states that "[h]aving heard all of the testimony, reviewed all of the documentary proofs and exhibits, [he does] not find support for STI's claims...." Dkt. No. 6, Ex. C at 5. There is no reason given for this finding other than the negative credibility determination as to STI's expert witness, Zukerman. *See id.* at 5–6. While this credibility determination does provide a rationale for rejecting STI's calculations of its lost profits and goodwill, it does not provide a basis for a dismissal of STI's

claims in their totality. *See id* at 5 (describing Zukerman's changing testimony concerning STI's "loss of future profit and loss of goodwill"). Notably, STI did not rely on Zukerman's testimony in support of its argument that SENCI promised to deliver CARB-compliant generators—an argument that the award does not address at all. Although the arbitrator was not obliged to discuss each piece of evidence presented by STI, he must at least provide some rationale for the rejection of STI's overall argument for STECI's liability. *Cf. Fulbrook Capital Mgmt. LLC*, 2015 U.S. Dist. LEXIS 8204 at *14 (determining that an award was reasoned in part because the award "explain[ed] in full its rejection of what was perhaps Petitioner's most important argument"). The Court therefore concludes that the award as issued is not a reasoned award.

Courts in this district have held that "an arbitrator exceeds his or her powers when the arbitrator renders a form of award that does not satisfy the requirements the parties stipulated to in their arbitration agreement." *Tully Constr. Co.*, 2015 U.S. Dist. LEXIS 25690 at *47; *see also id.* at 46–47 (collecting cases); *Leeward Const. Co.*, 826 F.3d at 638–640 (2d Cir. 2016) (assessing the merits of whether an arbitral award was "reasoned"). Because the parties here agreed that the award should be "reasoned," the arbitrator exceeded his authority in issuing an award that does not meet the standard of a reasoned opinion.

### B. Manifest Disregard for the Law

"A party seeking to vacate an arbitration award on the basis of manifest disregard of the law must satisfy a two-pronged test, proving that: (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case." *D.H. Blair*, 462 F.3d at 110–111(quoting *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 69 (2d Cir.2003)) (internal quotation marks and alterations omitted). In keeping with the general policy in favor of deference to arbitral

7

decisions, "this standard requires more than a mistake of law or a clear error in fact finding." *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002). Indeed, the Second Circuit has described manifest disregard as "a doctrine of last resort [whose] use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators in apparent." *Sotheby's Int'l Rlty., Inc. v. Relocation Grp.. LLC*, 588 F. App'x 64, 65 (2d Cir. 2015) (summary order) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003)).

STI argues that, despite knowing that the CISG applies to this case, the arbitrator "ignored specific CISG provisions which (a) expressly authorize verbal contracts in international goods sales, (b) permit specifications by sellers of goods by display of a model or exemplar, (d) allow damages for breach of contract, and (e) provide directives calling for reimbursement to a buyer of out-of-pocket and lost profit damages caused by a breach." Dkt. No. 21 at 16 (lettering original). SENCI does not dispute that the CISG applies to this case, nor that the arbitrator was aware of its applicability; rather, SENCI argues that STI failed to demonstrate that the arbitrator refused to apply CISG to the dispute. Dkt. No. 33 at 25–29.

The Court agrees. There is no indication that the arbitrator reached his results through anything other than an application of the CISG to his factual findings regarding the parties' contractual relationship. That the award rejected STI's arguments on the merits is not enough for the Court to infer that it ignored governing provisions of the CISG. Indeed, STI's own formulation of its argument reveals that, though couched in terms of manifest disregard for the law, the argument is better classified as an objection to the way the law was applied. *See* Dkt. No. 21 at 21 ("Given controlling CISG provisions..., had the Arbitrator properly applied the law to the stipulated and unrefuted evidence, it must have found a contract by Senci to deliver

8

EPA...and CARB...compliant AP-2000i generators."). It is not this Court's place to review the arbitrator's evidentiary determinations nor to second guess his application of relevant law. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 934 (2d Cir. 1986) ("Judicial inquiry under the 'manifest disregard' standard is...extremely limited."). The Court concludes that the arbitrator did not act in manifest disregard of the law.

### C. Remedy

STI maintains that this Court can vacate the award on the sole basis that it is not reasoned. *See* Dkt. No. 36 at 11. However, the Court is cognizant that that the remedy of vacatur must be strictly limited "in order to facilitate the purpose underlying arbitration: to provide parties with efficient dispute resolution, thereby obviating the need for protracted litigation." *T.Co Metals, LLC*, 592 F.3d at 342 (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009)). The Court therefore determines that the proper remedy is to remand to the arbitrator for clarification of his findings. *See Tully Const. Co.*, 2015 U.S. Dist. LEXIS at *49–52 (concluding that remand is the proper remedy for an award that was issued in an improper form); *see also Cannelton Industries, Inc. v. District 17, United Mine Workers*, 951 F.2d 591, 594 (4th Cir. 1991) ("A court's power to vacate an award because of an arbitrator's failure to address a crucial issue necessarily includes a lesser power to remand the case to the same arbitrator for a determination of that issue."); *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 894 (2d Cir. 1985) ("[C]ourts on occasion may remand awards to arbitrators to clarify the meaning or effect of an award...or to determine whether the arbitrator has in some way exceeded his powers.") (internal citations omitted).

For these reasons, the Court denies STI's motion to vacate the award. However, because the Court concludes that the arbitrator has exceeded his authority, SENCI's motion to confirm the award and enter judgment is also denied.

**IV.    Conclusion**

In conclusion, the Court denies the parties' cross petitions. This matter is remanded to the arbitrator so that he can issue a "reasoned award" in accordance with the parties' agreement. This resolves Dkt. Nos. 6 and 30. The Clerk of the Court is respectfully directed to close this case. It is further ordered that either party may move to re-open the case within 14 days of the issuance of an amended award.

SO ORDERED.

Dated: March 26, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge