Case 1:18-cv-02714-AJN-BCM   Document 87   Filed 02/26/21   Page 1 of 6



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Smarter Tools Inc.,

              Plaintiff,

–v–

Chongqing Senci Import & Export Trade Co., Ltd., *et al.*,

              Defendants.

18-cv-2714 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are cross-petitions to confirm or vacate an arbitration award in favor of Chongqing SENCI Import & Export Trade Co., Ltd. ("SENCI") and against Smarter Tools Inc. ("STI"). The Court finds no basis to disturb the arbitral award and so confirms it.

**I.    Background**

    This case concerns a dispute over STI's purchase of gas-powered generators from SENCI. From 2011 to 2013, STI purchased thousands of the AP2000i generators to resell in California and elsewhere in the United States. *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, No. 18-cv-2714 (AJN), 2019 WL 1349527, at *1 (S.D.N.Y. Mar. 26, 2019). STI was forced to halt sales in California because the generators did not comply with standards set by the California Air Resources Board ("CARB"). *Id.*

    SENCI commenced arbitration proceedings against STI to recover the balance owing for delivered generators. The parties stipulate that the balance, net of adjustments, is $2,402,680.43. *Id.* at *2. STI asserted counterclaims alleging that SENCI had breached a promise to deliver generators that complied with EPA and CARB standards. *Id.* at *1.

The arbitrator issued a final award in favor of SENCI in the amount of $2,402,680.43. *Id.* at *2. In an Opinion & Order dated March 26, 2019, this Court denied the parties' cross-petitions to confirm or vacate the arbitration award and remanded to the arbitrator to issue a reasoned award. *Id.* at *5. The Court held that the arbitrator did not exceed his authority or manifestly disregard the law, but that the brief award—which did not even mention STI's argument that SENCI had promised to deliver CARB-compliant generators—failed to provide a "reasoned award" as the parties had contracted for in their arbitration agreement. *Id.* at *3–5.

The arbitrator has now issued a final amended award, which grants substantially the same relief as the initial final award. Final Amended Award, Dkt. No. 76-8. Unlike the initial final award, the final amended award provides a rationale for rejecting STI's counterclaims—namely, that the evidence did not show that STI had ordered EPA- and CARB-certified generators. Final Amended Award, Findings ¶ 8. SENCI petitioned to confirm the final amended award and STI cross-petitioned to vacate it. Dkt. Nos 76, 77.

**II.   Discussion**

As the Court discussed in its prior opinion in this case, "the showing required to avoid confirmation [of an arbitration award] is very high." *See Smarter Tools*, 2019 WL 1349527, at *3 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (cleaned up). In the Second Circuit, a court may vacate an arbitration award only for one of the statutory bases outlined in the Federal Arbitration Act or if the arbitral panel acts in manifest disregard of the law. *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).

The Federal Arbitration Act allows vacatur only in the case of certain types of misconduct or if the arbitral panel exceeds its authority.  *See* 9 U.S.C. § 10(a).

### A.  The Arbitrator Has Provided a Reasoned Award

An arbitral panel must provide a reasoned award if the parties' arbitration agreement calls for one.  *Smarter Tools*, 2019 WL 1349527, at *3 (citing *Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016)).  The parties here agree that their agreement does so.  *Id.*  A reasoned award need not provide a "detailed rationale" of every facet of the decision or "delve into every argument made by the parties."  *Leeward*, 826 F.3d at 640.  All that is required is that the award "sets forth the basic reasoning of the arbitral panel on the central issue or issues raised before it."  *Id.*

The Court remanded the earlier award in this case for the arbitrator to provide a reasoned award because it did not provide any reasoning related to STI's counterclaims and expressed only a credibility determination as to a single witness.  *Smarter Tools*, 2019 WL 1349527, at *3.  Unlike the earlier award, the final amended award "sets forth the basic reasoning of the arbitral panel" with respect to STI's counterclaims.  *Leeward*, 826 F.3d at 640.  It states that the purchase orders between STI and SENCI—which STI itself prepared—did not indicate that the generators were required to meet EPA and CARB standards, and that STI did not present sufficient evidence to prove that CARB compliance was part of their agreement.  Final Amended Award, Findings ¶¶ 7–8; *see* Dkt. No. 78-3 (purchase orders).  It explains that STI's evidence of additional contract terms not specified in the purchase orders was not credible.  *Id.* ¶ 9.

This easily clears the hurdle for a reasoned award.  STI's arguments that the final amended award falls short because it does not directly address all its arguments or overlooks certain testimony would require far more searching review than the FAA permits.

### B. The Award Does Not Reflect a Manifest Disregard of the Law

Manifest disregard of the law is an exceptionally high bar. "An arbitral award may be vacated for manifest disregard only where a petitioner can demonstrate 'both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case.'" *Porzig*, 497 F.3d at 139 (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)). The Second Circuit has described manifest disregard "as 'a doctrine of last resort—its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply.'" *Wallace*, 378 F.3d at 189 (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003)). "A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award 'should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached.'" *Id.* at 190 (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003)).

STI contends that the arbitrator exhibited a manifest disregard of the law by failing to properly apply the provisions of the UN Convention on Contracts for the International Sale of Goods pertaining to oral contracts and specification of goods by display of a model or exemplar. The Court rejected these arguments in its earlier opinion because they merely seek to relitigate the arbitrator's application of the law to contested facts. *Smarter Tools*, 2019 WL 1349527, at *4. That is all the more true when considering the final amended award, which provides greater detail on the arbitrator's reasoning. The arbitrator was free to determine that STI's evidence of an oral contract was not credible or was not enough to support an inference that SENCI agreed to

4

product specifications not included in the purchase orders.  The FAA forbids this Court from sifting through the seven days of evidentiary hearings before the arbitrator to re-weigh the evidence anew.  *See Wallace*, 378 F.3d at 190; Final Amended Award, Claims ¶ 4.

Because there is at least a "*barely colorable justification* for the outcome reached," even if STI believes the arbitrator did not give appropriate weight to all its arguments or overlooked some pieces of evidence, the Court must confirm the award.  *Id.* at 190.

### C.  The Arbitrator Did Not Exceed His Authority

Finally, STI contends that the arbitrator exceeded his authority because he issued the award in a manner not prescribed by the parties' arbitration agreement.  STI advances two arguments in support of this proposition.  Both lack merit.

First, STI cites *General Re Life Insurance Corp. v. Lincoln National Life Insurance Co.*, 909 F.3d 544 (2d Cir. 2018), to argue that pursuant to the functus officio doctrine, the arbitrator lacked the authority to issue an amended award following remand from this Court.  But that case stands for the exact opposite proposition.  In *General Re*, the Second Circuit "join[ed] the Third, Fifth, Sixth, Seventh, and Ninth Circuits in recognizing an exception to functus officio where an arbitral award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation."  *Id.* at 548 (internal quotation marks and citation omitted).  As an example of this exception, the Second Circuit cited the "well-settled rule" that a district court should remand an ambiguous award to the arbitrator for clarification and that an arbitrator does not act functus officio on remand from a district court.  *Id.* at 549.

Second, STI argues that the arbitrator exceeded his authority because he communicated with his employer, the American Arbitration Association–International Center for Dispute Resolution ("AAA–ICDR"), about the form of the amended award.  According to SDI, the

5

parties participated in a teleconference with a Vice President of AAA–ICDR, in which the Vice President told them that following remand the arbitrator had initially provided a handwritten mark-up of the initial award, and then was told that document was deficient in form. *See* Dkt. No. 78-37. STI has not produced evidence showing that anyone other than the arbitrator contributed to the substance of the final amended award. The Court does not find, based on STI's limited evidentiary submissions, that the arbitrator exceeded his authority by improperly communicating with third parties about the award.

## Conclusion

For the foregoing reasons, the Court GRANTS SENCI's petition to confirm the arbitration award (Dkt. No. 76) and DENIES STI's cross-petition to vacate the award (Dkt. No. 77). All other motions are DENIED as moot. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: February 26, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge