USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Smarter Tools Inc.,

          Plaintiff,

–v–

Chongqing Senci Import & Export Trade Co., Ltd., *et al.*,

          Defendants.

18-cv-2714 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Smarter Tools Inc. ("STI") moves for a stay pending appeal or temporary administrative stay of this Court's February 26, 2021 Order granting SENCI's petition to confirm an arbitration award and denying STI's cross-petition to vacate the award.

    Federal Rule of Appellate Procedure 8(a) authorizes a district court to stay an order pending appeal. "When deciding whether to grant a stay, courts consider '(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, No. 18-cv-2714 (AJN), 2019 WL 11825336, at *1 (S.D.N.Y. July 26, 2019) (alteration in original) (quoting *U.S. S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (per curiam)). This standard is even more demanding than that for preliminary injunctive relief and requires a "strong showing that the movant is likely to succeed on the merits." *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 226 (2d Cir. 2020) (cleaned up) (per curiam). Even if a movant meets

these requirements, "a stay is not a matter of right, even if irreparable injury might otherwise result; rather, a stay is an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion." *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (cleaned up) (per curiam).

STI has not met these requirements and the Court declines to enter a stay pending appeal. The bar to disturb an arbitration award is exceptionally high, and STI is unlikely to prevail in its attempt to do so on appeal.  *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Nor does STI identify any irreparable harm it will face absent a stay.  It complains that it has incurred litigation costs because the Court did not side with it at an earlier stage of this litigation. This is not irreparable harm and a stay would do nothing to ameliorate it.  It also contends that SENCI might take unspecified actions to enforce its money judgment absent a stay.  This is the same harm any losing litigant faces after judgment and, without more, does not justify a stay.

The Court thus DENIES STI's motion for a stay pending appeal (Dkt. No. 90).  The Court will enter a temporary administrative stay of its February 26 Order so that STI may seek the same relief from the Court of Appeals, provided such relief is promptly sought.  STI shall file a letter indicating that it has moved for a stay pending appeal in the Court of Appeals by April 12, 2021.  If it has not done so, this administrative stay shall terminate automatically on April 13, 2021.  STI shall notify this Court within three days of the Second Circuit's disposition of its stay motion.

SO ORDERED.

Dated: April 8, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge